IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARCIA WALL, *et al.*,

           Plaintiffs

VS.

CAROL GRIMES, *et al.*,

           Defendants

NO. 5:05-CV-348(CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

This case was brought as a class action in the Northern District of Georgia and  has included up to seven named plaintiffs and a dozen defendants. Some four separate causes of action have been presented, to-wit:  two Eighth Amendment claims dealing with alleged spider infestation and lack of proper medical treatment related to spider bites at Washington State prison; a Fourteenth Amendment race discrimination claim; and a First Amendment retaliation claim.

After denying class status early in the proceedings, the Honorable Beverly B. Martin, United States District Judge for the Northern District of Georgia, in an Order dated December 1, 2004, partially granted a motion for summary judgment submitted by the defendants.  She then transferred this proceeding to the Middle District of Georgia.  Remaining as plaintiffs are MARCIA WALL and CAROL GRIMES who have retained only their Eighth Amendment claims against defendants ALEXIS CHASE, OFFICER CUNNINGHAM, LT. ABRAMS, LT. COLEMAN, DR. DALRYMPLE, OFFICER THOMPSON, LT. BLACKSHEAR, OFFICER ABRAMS, and DR. RODGERS.

Plaintiffs allege that the defendants were deliberately indifferent to their serious medical needs by exposing them to poisonous spiders and providing inadequate treatment for spider bites. As a result of the defendants' alleged actions and inactions, plaintiffs complain of "disfiguring holes and [scars] as well as the pain and suffering and extremely high temperature from the resulting infections."  Amended Complaint, Tab #45, at ¶24.

Before the court is the defendants' Motion for Summary Judgment (Tab #150) which is supported by a brief, as well as the briefs and documents accompanying the defendants' previous motions for summary judgment. Plaintiffs have responded (Tab #163) to the defendants' present motion to which the defendants have filed a reply (Tab #166). Also in the record are various pleadings of the plaintiffs regarding the defendants' prior motions, as well as scores of depositions and exhibits.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## ALLEGATIONS AND FACTS

Plaintiff CAROL GRIMES alleges that she was bitten by spiders 22 times during her incarceration at Washington State Prison.  As a result of those bites, GRIMES avers that she suffered pain and discomfort and had lesions, some of which became infected; however, only two of the bitten areas had not completely healed by the date of her deposition in his case.  Deposition of Carol Grimes at 124.

Plaintiff MARCIA WALL contends that she was bitten by spiders on at least five occasions at Washington State Prison.  Plaintiff WALL's bites resulted in pain, discomfort, and some scarring, but she suffers no other permanent damage.  Deposition of Marcia Wall at 135.

- 3 -

_____

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

At all times in question, Washington State Prison had an exterminator who came in periodically and sprayed for bugs, including poisonous spiders.  When it was brought to the attention of prison officials that spider infestation was an ongoing concern, the prison took measures to alleviate the problem, including replacing outdoor screens on windows, allowing the exterminator access to inmates' rooms, utilizing a different pesticide, and spraying areas of the prison that had not  been previously treated.[2]

Two inspections of Washington State Prison have revealed that there are spiders present in the prison and that spiders have access to the living areas of the inmates, but the investigations did *not* find any evidence of brown recluse or black widow spiders particularly (the only species of spider whose venom can cause serious harm in humans) and neither plaintiff ever saw any of the bugs that bit them.  Aside from hearsay statements of medical personnel (about whom the plaintiffs have provided no evidence of training with spider-bite identification) the plaintiffs could not state with certainty that *any* spider was in fact responsible for the bite, much less *what species* of spider. *See* Deposition of  Carol Grimes at 51; Deposition of Marcia Wall at 131.

Neither of the plaintiffs is currently incarcerated at Washington State prison, which has been converted into an all-male facility.  Plaintiff WALL is on probation and  no longer housed in any Georgia prison; plaintiff GRIMES is housed elsewhere in the prison system.

## DISCUSSION
### Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  429 U.S. 97, 104 (1976).  To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry: First, a plaintiff must set forth evidence of a "serious need" (defined as a need that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention); second, a plaintiff must prove  that the prison official acted with an attitude of "deliberate indifference" to that serious medical need.

---

[2]*See* Unified Deposition Exhibit 114 at 362-359.

*Farrow v. West*, 320 F.3d 1235 (11th Cir.2003).  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* at 1245 (citation omitted).  "[A] genuine issue of material fact exists only if the record contains evidence" of a subjective awareness on the part of the defendants of a substantial risk of serious harm.  *Campbell v. Sikes*, 169 F.3d 1353 (11th Cir. 1999).

A plaintiff must show harmful effects of the delay in treatment in order to establish deliberate indifference. *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir.1994) (citation omitted), *abrogated on other grounds, Hope v. Pelzer*, 536 U.S. 730 (2002).  In other words, an action or omission cannot amount to deliberate indifference in the Eleventh Circuit unless more than *de minimis* injuries result.  *Boxer X. v. Harris*, 437 F.3d 1107 (11th Cir. 2006).

The plaintiffs are apparently suing for two types of damages alleged to have resulted from deliberate indifference on the parts of the defendants:   first, permanent damages in the form of scarring and/or small "lumps" under the plaintiffs' skin; and, second, for the pain and discomfort that they experienced as a result of being bitten and receiving what they allege to be delayed and inadequate treatment for their symptoms.

Plaintiffs allege two distinct causes for their injuries: failure on the part of the plaintiffs' custodian(s) to provide an environment free from dangerous spiders; and failure on the part of the prison doctors to adequately diagnose and treat the bites once they occurred.

- 5 -

**Failure to Protect**

There is very little law in the Eleventh Circuit or United States Supreme Court with respect to any duty on behalf of a prisoner's custodian to provide a pest-free environment. Accordingly, the standard we must use to determine if the prison conditions violated the Eighth Amendment is found in **Chandler v. Crosby**, 379 F.3d 1278 (11th Cir. 2004) which holds that in order constitute an Eighth Amendment violation, a prison condition must "violate contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." **Id**. at 1289. Moreover, "the prisoner must show that the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue," and that culpable state of mind is deliberate indifference. **Id.**

In the view of the undersigned, the plaintiffs have failed to show that the defendant prison management ever had subjective knowledge of the existence of either brown recluse or black widow spiders at Washington State Prison. In the light most favorable to the plaintiffs, they have only shown that prison management had knowledge that some inmates were being bitten by and having adverse reactions to bug bites. However, plaintiffs have failed to show that any defendant had any appreciation of serious risk of serious harm that would result from their actions. As noted elsewhere herein, there is no credible evidence that any bites experienced by any inmates came from either brown recluse or black widow spiders, the only species of spider whose venom can cause *serious* injury to humans. The plaintiffs have therefore not shown any knowledge on part of the defendant prison management of a condition that contemporary society would not tolerate. Prison officials acted in the same manner as those in the "free world" in bringing in exterminators to deal with an apparent problem of spider infestation.

Accordingly, with respect to the plaintiffs' claim of deliberate indifference on the part of the defendants for **failure to protect** them from *dangerous* spiders, IT IS RECOMMENDED that the defendants' motion for summary judgment be GRANTED as to all defendants.   Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### Failure to Provide Proper Medical Treatment

With respect to defendants' alleged failure to promptly and adequately treat the plaintiffs and the physical disfiguration and pain and discomfort suffered by them as a result, plaintiffs allegations against the defendant doctors DALRYMPLE and RODGERS are lacking in specificity. Both plaintiffs have provided testimony that they experienced pain and discomfort as the result of what they contend were spider bites, and it is their position that the amount of discomfort to which they were subjected was increased as a result of deliberate indifference on the part of the defendant doctors.[3]

- 7 -

_____

[3]The plaintiffs' complaint alleges the following:  "On July 23, 2003, Plaintiff Wall was bitten by a poisonous spider [and] **was denied** medical attention for this very serious spider bite for a number of days during which the wound became very infected and enlarged…" Tab #45 at ¶24 (emphasis added).  Plaintiff Wall makes no allegation about **_who_** denied her medical attention, and the gist of the complaint seems to have been a retaliation claim that has since been dismissed.  *See Id.*  In Paragraph 49, the complaint alleges that "The Defendants in their individual capacities knew … that their actions and deliberate indifference were causing damage, pain and suffering to the Plaintiffs" but again the complaint fails to set forth **which** defendants committed these alleged actions (or even what the actions were).  The closest the complaint comes to specific allegations is in Paragraph 29 where it states that "Plaintiff Grimes … was not adequately treated by the [sic] Dr. Rodgers and Dr. Dalrymple, which resulted in multiple scaring [sic] and disfiguration of her body"  and in Paragraph 37, where the plaintiffs allege that Drs. Dalrymple and Rodgers have engaged in a conspiracy to withhold or delay medical treatment and have rendered inadequate treatment to inmates at Washington State.

A deliberately indifferent delay in treating an inmate's pain can render defendants liable as if they had inflicted the pain themselves, thereby becoming an Eighth Amendment violation. ***Brown v. Hughes***, 894 F.2d 1533, 1538 (11th Cir. 1990). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." ***Harris v. Coweta County***, 21 F.3d 388, 394-95 (11th Cir. 1994). "[A] genuine issue of material fact exists only if the record contains evidence of . . . subjective awareness" on the part of the defendants of a substantial risk of serious harm or, as in this case, a remediable discomfort. ***Campbell v. Sikes***, 169 F.3d 1353 (11th Cir. 1999).

Plaintiffs cite no evidence of an intentional delay in treatment on the part of either doctor in this case. The plaintiffs' depositions contain allegations that they did not receive treatment fast enough, but neither plaintiff has established that either DR. RODGERS or DR. DALRYMPLE was responsible for **any** delay in treatment, much less a delay that has Eighth Amendment ramifications. *See e.g.* Deposition of Carol Grimes at 61 (alleging that treatment was adequate but took too long with respect to at least one of her bites, when GRIMES was treated by only nurses and a physician's assistant); Deposition of Marcia Clark at 132 (stating that Nurse Danzy never even referred plaintiff CLARK to a doctor for her first bite).

Accordingly, IT IS RECOMMENDED that the defendants' motion for summary judgment (Tab #150) be GRANTED with respect to DR. RODGERS and DR. DALRYMPLE for their alleged deliberate indifference in treating the plaintiffs for their serious medical needs. Since the plaintiffs make no allegations against any of the other defendants with respect to failure to treat their wounds, IT IS RECOMMENDED that all other defendants be DISMISSED as to that issue. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

## DISCUSSION — INJUNCTIVE RELIEF

When parties lack a legally cognizable interest in the outcome of a case, the issue is moot and therefore not justiciable in the federal courts. ***Powell v. McCormack***, 395 U.S. 486, 496 (1969). Neither plaintiff is currently housed in Washington State Prison, and the defendants argue that their claims for injunctive relief have therefore been mooted.   The plaintiffs cite the "capable of repetition, yet evading review" doctrine as an avenue by which to continue their claim for injunctive relief.  However, the alleged pest problem at Washington State is neither "capable of repetition" with respect to the plaintiffs since Marcia Wall has been paroled and is no longer in the custody of the DOC (Tab #166, Attachment 1) and the facility has been converted to an all-male prison (Tab #150, Exhibit A at ¶2) nor "evading review," since the men currently housed at Washington State could bring suit if the alleged spider problems continue.[4]

Additionally, the defendants have been sued only in their individual capacities, and there is precedent showing that a §1983 plaintiff may only enjoin unconstitutional state action if the responsible parties are sued in their official capacities.  ***Gamble v. Florida Dept. of Health and Rehabilitative Services***, 779 F.2d 1509, 1516 (11th Cir. 1986).

- 9 -

_____

[4]The undersigned notes that there is a *possibility* that Washington State could, in the future, be again converted to a female facility and therefore plaintiff Grimes could be housed there in the future, but the courts must not entertain every remote possibility when assessing whether a situation is capable of repetition. *See* ***Connell v. Shoemaker***, 555 F.2d 483, (5th Cir. 1977).

Accordingly, IT IS RECOMMENDED that the defendants motion for summary judgment be GRANTED with respect to the plaintiffs' prayer for injunctive relief. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 20th day of SEPTEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE